Pelczar v. Mammon Good day, your honors. Your time is appreciated. May it please the court, I'm Jim Pelczar, first set. This honorable court should remand based on the fact that the district court ignored the rules governing rule 12c of federal rules of civil procedure. This honorable court's holding in Sellers v. M.C. Floor Crafters, Inc. was, quote, judgment on the pleadings as appropriate only when all material facts are undisputed and judgment on the merits is possible merely by considering the contents of the pleadings, unquote. In Mr. Mammon's pleadings, he denied all material facts of my amended complaint. Mr. Mammon's allegation 60 was the material factual allegation regarding power of appointment and Mr. Mammon disputed this in his response of pleading, quote, answering defendants denied knowledge or information sufficient to form a belief as to the truth of the allegations sent forth, unquote. From here on out, this wording is referred to as the denial. Let's juxtapose more disputed allegations with Mr. Mammon's denials. Allegation 49 is with the executor's deed, Exhibit 26 of my amended complaint, the grant of Sellers in the estate of Fred Pelczar, and the grantee buyer is Doreen Pelczar and Alfred S. Pelczar under service file number 2014-2284, party of the first part, and Doreen and Pelczar, party of the second part. Mr. Mammon denied. Mr. Mammon stated in his brief to this court that my father's will was duly probated and that there was a validly exercised testamentary power of appointment in the will. Please see docket entry 29-1, page 16 of 63, paragraph 2. For that statement to this honorable court to be true, there must be a final accounting and a final order discharging Doreen from her duties, a tax estate discharge confirmation, and a final decree from surrogate Kelly. Allegations 52 and 53 are that Mr. Mammon never filed a final accounting with the surrogate judge and Judge Kelly never issued a final order discharging Doreen from her duties as executor. Mr. Mammon denied both. Allegation 51 was that the surrogate judge can never issue a final decree regarding the exercise of a power of appointment, etc., without the appellees filing the New York estate tax discharge liability ET-117 form. Mr. Mammon denied. Which is true, your honors? Mr. Mammon's statement to this honorable court that there was a validly exercised power of appointment for Mr. Mammon's denials of Rule 12C, in violation of 12C. Mr. Mammon continues to misrepresent facts to this honorable court because on October 8, 15, in the surrogate's court, appellee Doreen Peltzer stated that the queen's surrogate judge, quote, never made a determination as to the validity of the exercise of the power of appointment, unquote. And remember, your honors, Mr. Mammon stated, quote, to correct the record, the law provides that the exercise of the power of appointment by will gives no testamentary character to the disposition of the trust, as the trust assets are not the property of the decedent. That's district court document 79, page 7. On September 22, 23, your honors, the district court granted the defendants untimely, repeat, untimely motion for judgment on the pleadings and dismissed my amended complaint with prejudice. My claim was framed with this honorable court's mandate four years ago. Quote, that Doreen and Peltzer and Peter Mammon, Albert Mammon and Associates committed fraud by presenting the Whitestone Trust property as estate property when completing the executive's deed without the attorney of record signature and because there was no court order transferring the irrevocable trust property to the estate and damages from the defendants for alleged fraud. My brief and my reply brief show why this honorable court must remand based on the merits, which include badges of fraud that the second circuit identified in Ari Kaiser. This honorable court's mandate precedent that Sellers justifies remand based on the district court's violation of 12C. The juxtapositions just mentioned show why Mr. Mammon's defense that the power of appointment terminated upon the death of my father because the exercise of the power of appointment falls on its face. The main defendant, your honors, fails on its face, excuse me, fails on its face. The main defendant, your honors, never filed the brief and is conspicuously absent today. In the interest of justice, this honorable court cannot allow the district court to violate the federal rules of civil procedure and the mandated precedent of the second circuit on 12C. Thus, this honorable court must vacate the district court order and remand with instructions to allow discovery, preparation for jury trial, together with any other instructions that this honorable court may deem just and necessary. Thank you very much, your honors. Thank you and we'll now hear from the appellee. Good morning. May it please the court. My name is Peter Mammon and I'm an attorney with the Office of Alderman Mammon and Associates. Both myself and Alderman Mammon and Associates are also two of the three appellees here and defendants in the underlying action. We do not represent Doreen Pelzar in this matter. Myself and Alderman Mammon and Associates are targets of James Pelzar, simply because we drafted his father's last will and testament in 2013, where he effectively disinherited his son James. He refuses to accept the fact that his father did not want to leave him not only any portion of the family home, but also none of his assets other than the symbolic sum of $1,030 as discussed in his will. In 1997, Alfred and Josephine Pelzar, who were the appellant's parents, formed a trust and placed ownership in their family home in Whitestone, New York into that trust. On August 28, 2001, Josephine passed away. In 2013, Alfred hired my office to draft a will. I personally sat with Alfred and learned his intention to disinherit his son James. He made his intentions clear in his will. Also in that will, Alfred exercised the power of appointment pursuant to the trust from 1997. He exercised the power of appointment so that he could leave the entirety of the Whitestone property to his daughter, Doreen. When Alfred died in 2014, Doreen hired my office to probate his will. The point of the probate was to complete Alfred's wishes via the exercised power of appointment in that will. James went on to contest the will of probate, and as a result, we had thought it wise to advise Doreen to retain a new attorney to litigate the will contest brought by James. We felt this would be best as we could have been called as witnesses since we drafted the will. That is it. That is the extent to which both myself and Alvin Maymorning Associates were involved in this family affair. Yet, since 2016, we have been dragged through frivolous litigation by James. On September 22nd, 2023, Judge Ann Donnelly of the District Court properly and rightfully dismissed these claims under FRCP 12C, a motion for judgment on the pleadings. The appellant here has completely misunderstood the law and the proper application of relevant facts. Understandably, he's not an attorney. However, this has come at the expense of myself and my law firm. The appellant's one cause of action against myself and my law firm is for fraud, which alleges that misrepresentations in the surrogate's court paperwork were made, which somehow led to him losing out on his share of the property. The appellant cannot escape the simple fact that he has no right to the Whitestone property, whether misrepresentations were made or not. The trust here, which owned the property prior to Alfred's death, terminated upon his death, at which point the property vested immediately in Doreen through the exercise power of appointment. So on the death of Alfred, even before filing anything in the surrogate's court, the property already belonged to Doreen. Therefore, nothing that happened after Alfred died could have negatively impacted the appellant. For these reasons, the appellant can never establish a claim for fraud. No matter how long he litigates this and no matter how many different cases he commences, the result will remain the same. There is no fraud. The appellant can never have justifiably relied on any misrepresentation by the appellees because he could not, as a matter of law, have detrimentally changed his position or suffered any prejudice by believing the property was part of the estate. No matter what, Doreen already owned the property as of the moment of Alfred's death. For the same reasons, there can be no damages. Appellant cannot change these facts by slinging irrelevant accusations. Despite the ludicrous and legally off-base allegations made toward myself and my law firm, even if we accepted those allegations as factual, this cannot avoid the inevitable that there was no property to which the appellant could have been defrauded from. The appellant points to, as one of his gripes with Judge Donnelly's decision, that she had previously denied a pre-answer motion to dismiss on the 12b6. In response to that, we state that the argument we had put forth at the time was different than the argument that was put forth in this 12c motion, which brought to the forefront the fact that the power of appointment automatically vested the property in Doreen at the time of Alfred's death. In the prior motion to dismiss, it was argued that there was no misrepresentations made. Even if there were, it wouldn't affect the fact that the will was probated and Doreen would be entitled to the property. But we more definitively targeted on the fact that the property never automatically vested in Doreen in our 12c motion. That was an argument that you made for the first time on the motion for judgment on the pleadings. Am I right about that? No, this was the only judgment on the pleadings motion. The prior motion was a pre-answer motion to dismiss. Right. Then we made this argument for the first time on the motion. Correct. Correct. In closing, it did not matter what the appellees did or represented in the probate petition in surrogate's court, as Doreen was already the owner of the property upon Alfred's death. Ironically, if the property was a part of the probate estate, appellant would not have received any portion of the property either, as Doreen was the sole beneficiary in Alfred's will. And letters testamentary were issued in that to Doreen. And if it was not part of the estate, then the property would have passed pursuant to their trust and the power of appointment. In any scenario, the Whitestone property belonged to Doreen. For all these reasons, I ask the court to affirm. Thank you both. I believe, Mr. Palzar, you have not reserved any time for rebuttal, but we have I think we understand both sides' arguments, so we'll take the matter under advisement. Thank you both for your patience at being at the end of the calendar today.